The next case is Gokhvat Holdings v. U.S. Bank Good morning, Your Honors, and may it please the Court. Anthony Arfilosa of Rosenberg Petunia Laitman on behalf of Appellant Gokhvat Holdings LLC. The judgment of the District Court should be reversed because the prior exclusive jurisdiction doctrine didn't require the District Court's abstention in this quiet title action. As this Court is aware, the prior exclusive jurisdiction doctrine essentially provides that if a State case and a Federal case are each in rem and each require the Court to exercise control over the same property, the doctrine prevents the Federal Court, the later Court, from proceeding. Can I just ask, at this point, hasn't a judgment of foreclosure been entered on the property? It has. And what is the impact of that, if any, on our, on this appeal? I think that only bolsters the argument that, again, that the jurisdiction doctrine, the District Court, doesn't require abstention. Again, it's conceded that Gokhvat was not a party to the State Court foreclosure action. So as a matter of State law, our rights are unaffected by a judgment of foreclosure in sale. Under State law, where a necessary party, where the owner, where the fee owner of the property is omitted, a judgment of foreclosure is ineffective, is a nullity as to that, to that party. So that only bolsters the fact that this is the only forum, the District Court is the only forum, where Gokhvat can be heard on its claim that title should be quieted, that the mortgage should be expunged for two distinct reasons. Again, getting back to the doctrine, the doctrine just did not pertain here because, as this Court has recognized, as the Supreme Court has recognized, a quiet title action operates in persona. It determines your personal rights vis-a-vis the property. So here, we don't have dueling. So you're saying that the State court action is done now? Correct. And when did that conclude? That was May, a judgment was entered, I believe, May 11th of 2023, after the rent. And the appeal process? I don't believe, Gokhvat is not a party to that, obviously, that proceeding. I don't believe that's the subject of any pending appeal. So, if there's no State court action, then the exclusive jurisdiction doctrine is not applicable at this time? Correct. I think that only, again, bolsters the conclusion that, at the time that the District Court Shouldn't you have updated us on that? I mean, that seems to be much easier than getting into, I think, what you were about to talk about. No, and we certainly, we did note that in our brief as well, that, and there's a whole point devoted to it, that the judgment, again, this was briefed in July of 2023, and we note in our brief, we devote significant pagination to it, that a judgment was entered in State court on May 11th, 2023. So, again, turning to the focus of the prior exclusive jurisdiction doctrine, the State court, at no time, was exercising jurisdiction over the res, nor was the Federal court. There's no conflict here. I guess, on the narrow, unique circumstances of this case, the doctrine is not implicated, because here, the chronology is really important on this case. The State court foreclosure action was dismissed in 2019 on the merits, the statute of limitations dismissal. While the bank noticed an appeal, it did not seek a stay of the enforcement of the order, so that order was final. The pendency of an appeal, as a matter of State law, does not render a final order interlocutory. In March of 2021, again, while no foreclosure action was pending in State court, title was In March of 2021, again, while no State court foreclosure action is pending, appellant commences this quiet title action in Federal court. So again, to the extent that any court was first exercising jurisdiction over any res, and we submit as a primary argument that no court was exercising a jurisdiction over any res, the first court to do so was the district court, was the Federal district court, because again, the quiet title action was first commenced relative to the State court action. There was no State court action pending in March of 2021 when the Federal quiet title was commenced. So again, if any court had to yield, it certainly wasn't the Federal court. The appellate reversal of the State court dismissal doesn't dictate a contrary result. Again, as a matter of State law, you cite a New York Court of Appeals case, De Silva v. Musso. There's a New York CPLR provision 5523 that where an order is reversed on appeal, but there is an intervening transfer of property in the absence of a stay pending the appeal. The reinstatement of that State court case, the reversal on appeal, does not affect the title of the purchaser who purchased during the pendency of an appeal where there was no stay. Those are the exact circumstances presented by Goldfled here. So for that additional reason, the fact that the State court action was revived on appeal, didn't revive any jurisdiction that the State court was or was not exercising over the res. Just finally, as a matter of procedure, it bears emphasis that no party briefed prior exclusive jurisdiction before the district court. No party moved under that abstention doctrine. What was presented to the district court was a 12B6 motion testing the sufficiency of the pleadings to state a cause of action. So we would submit that the district court erred in essentially sua sponte raising and disposing of that issue at the benefit of the briefing of the parties. I mean, I think the cornerstone of due process is notice and the opportunity to be heard. And when you hold the mirror of what the district court did here to what it did earlier in the case, it's quite curious. Earlier in the case, the district court did sua sponte raise an abstention doctrine, Colorado River, directed the parties to brief the applicability of Colorado River, which the parties did. And the district court determined that Colorado River abstention didn't require her abstention in that instance. So at a minimum, we would have submitted that that procedure would have been followed in lieu of, with all due respect, in effect blindsiding or just raising an issue that was not briefed by either party. We would still submit that because it's been fully briefed on this record, that the record allows this court in a matter of judicial economy to reach a determination on the merits of prior exclusive jurisdiction. Not asking us to send it back to the district court to redo. No, certainly not, only for us to be back here on either side in three years from now, certainly not. And then just finally, for that same reason, because the record below was sufficiently developed, the issue presented before the district court again was whether we sufficiently plied a cause of action to apply a title. We submit that we did. We seek relief under two separate state law statutes. RPAPL 15014 creates a cause of action to discharge a mortgage. The enforcement of which is barred by the statute of limitations. And again, we plead prima facie that the statute of limitations was triggered by the commencement of the 2010 foreclosure action. Hence, more than six years have elapsed without the commencement of a foreclosure action against Bilkfoot. Hence, we are the owner of the property. We have standing to acquire title to discharge a mortgage which purportedly encumbers our property. We state a claim under 15014. Then under 15011, irrespective of the expiration of the statute of limitations, again, pivoting to the De Silva doctrine. We purchased when there was no foreclosure action pending, when there was no stay prohibiting a transfer. So as a matter of law, our title is ignored against any resumption of the foreclosure action. And the bank is relegated to monetary restitution against this granting. You want us to jump beyond the prior exclusive jurisdiction doctrine and jump to the merits and decide that ourselves? Yes, because I believe, look, I understand where the record is sufficiently developed, and the party certainly briefed that issue. This court, in the interest of judicial economy, can reach the merits of it because the record is meaningful enough to allow that court to undertake that analysis in the first instance. I understand, admittedly, that the court could just simply remand to the district court to undertake that analysis because the district court didn't. We would submit, as a matter of judicial economy, that the latter should be the result here. So for those reasons, the order and judgment of district court should be reversed. Thank you. May it please the court, Kyle Sopancic for U.S. Bank and Bank of America appellees. We move to argue that the district court properly dismiss the case based on the prior jurisdiction, exclusive jurisdiction doctrine. To your point to update, the JFS was granted, a sale actually did occur, and the property did transfer back to the bank. We believe that impacts the case in general, but for the briefing before the court, we believe at the time the decision was issued that it was an accurate and complete decision. To his point, although it was not briefed, the court has a continuing obligation and discretion to review jurisdictional issues. There was enough before the court to make an accurate and full decision based on this doctrine, and they are able to issue a decision based on jurisdiction and if it applies in this case. Can I ask you? Go ahead. Can you address why, whether there's any question of mootness here by virtue of the subsequent proceedings in state court? So to your point, it is something that I was going to talk about, is basically a sale occurred in the foreclosure action, which basically means that the mortgage has been acted upon. And that at this time, the ownership of the property, in our view, is actually to the bank. And the action here asks to expunge or discharge the mortgage. We no longer think that's an issue before the court, even before you or even before the district court, because the foreclosure sale occurred. We no longer believe that the issues raised in the complaint have any merit anymore, because now it's just a contesting action over ownership of the property. It no longer has to do with mortgaging and discharging of that mortgage. So are you saying that the matter is moot before us now, or not? I'm sorry. Yes, so the whole entire district court case, I believe, is moot at this point, based on the requested relief that they requested within their complaint. So I believe the action in total is moot, based off of the judgment of foreclosure and the actual sale of the property. The main point- I think both sides could have alerted us to these developments before our argument today. It would have been helpful, but continue. Yeah, to your point, and it's not so much just that the JFS was, or the judgment was entered. It's that the sale actually occurred. But at the time that this decision was issued, none of those facts had occurred. And that's why we believe the position that everything is taken at that time and procedure of where the foreclosure action was, where the district court action was. Just clarify for me, I want to map this out. You say that the relief that was requested, it's now moot. Just specify for me what you believe to be the sum total of all the relief that was requested in this action. The relief that was requested in this action was to discharge the mortgage. And to expunge it off the record with the county clerk. So that- That has not happened yet. Sorry? That has not happened yet. So the reason it's moot is because the mortgage has been, the judgment of foreclosure and sale has occurred. And because the judgment of foreclosure sale has occurred off of that mortgage, the mortgage is technically no longer a lien on the property because it has been sold in a foreclosure sale. So the ownership of the property has transferred to another party. So now that the bank who purchased the property at the foreclosure sale, that mortgage is no longer a lien on the property, technically. But the mortgage is a loan. Correct. Somebody owes it. But that was the purpose of the foreclosure itself. So because the foreclosure sale occurred, that loan is no longer a lien on the property. I know it's no longer a lien on the property, but has it been expunged so that it's not an enforceable loan? So because- Is that a non-recourse? Because the foreclosure sale occurred, you can no longer recourse on that mortgage because the foreclosure occurred. So the foreclosure action was brought to finality. It was a non-recourse loan. The recourse was the foreclosure sale. It was a lien on the property. They brought the property to foreclosure sale. The sale occurred. Ownership of the property was transferred. So when that ownership transferred- So nobody can sue on this mortgage, you're saying? Correct, because the sale occurred and a referee deed was issued. So at that time, once that referee deed is issued, title to the property transfers over to the new owner, free and clear of any prior liens that were on the property. So are you asking us to dismiss this moot, and your friend is asking us to vacate and remand because prior exclusive jurisdiction no longer applies, is that where we're at? That's where I believe we're at. I wasn't asking the court to do that. I was just asking to rule on these issues. But if the court, upon their review of their record and the argument, feels it's in their authority and position to completely dismiss the case as moot. What decreed language in your ideal world would appear in our ruling? What's the ruling you want from this court? That- Dismiss the appeal as moot. Do you want us to affirm the district court's judgment? I mean, there are any number of options. In your ideal world, what do you want from us? The ideal world would be that this action is dismissed as it is now moot. That would be the ideal- Appeal is dismissed as moot. That we receive no briefing from either party on this. Why don't I ask if the appellate can submit a letter brief of no more than three single-spaced pages by Monday of, today's Friday, by Friday of next week. And you can address mootness and the impact of the subsequent proceedings in your view on the present appeal. And then you can respond a week later, same page limits. Is that all right? Yes, Your Honor. Okay. Let's proceed. On this issue alone, in terms of the jurisdictional, we raise that both the foreclosure and the district court action are both in rem or quasi in rem. Specifically, although it is a quiet title action, I believe the case law does not specifically define that a quiet title is in personam. I believe it is a characteristic review of what the action is itself. There's no universal flat line rule that a quiet title has to be in personam. Instead, as I said, you have to look at the circumstances and facts of the action. Here, the quiet title action is under an Article 15 proceeding to quiet title. If you review that specific article, Article 15, it allows for naming unknown parties, service by publication, no money judgment. Those are a characteristic of an in rem or a quasi in rem action. Your argument is that it's quasi in rem here, right? Correct, I believe it's quasi in rem. Specifically, a quasi in rem, it's kind of like a hybrid, where although it relates to property rights, it's quasi because it relates to specific people involved in the action. Unlike the foreclosure, which would be in rem because it names John Doe's, it applies to everyone. But in this specific action, only at that time the owner of the property and the bank were named parties to the action. So therefore, it specifically relates to them. However, because it is a property right issue, it is a quasi in rem action. We're talking about the quiet title action. I'm talking about the quiet title action is quasi in rem. And to the principle of the prior exclusive jurisdiction document or doctrine specifically relates to in rem or quasi in rem actions. And as both actions were in rem and quasi in rem, we say that the foreclosure action would be the proper venue and that the district court should yield jurisdiction to them. To his point about the foreclosure action at that time being terminated, that's not our opinion. We disagree with that position. In fact, the appeal was pending when this action was filed. Although the order of dismissal has binding authority, that does not mean that the action itself was terminated. An action terminates after the right of appeal has expired. In this- Did that happen in September? Well, so the law would be when an appeal as of right terminates. That would have been if you didn't perfect the appeal. So that would have been six months after you filed the notice of appeal. However, in this case, it was fully briefed. So if, hypothetically, the court upheld the dismissal and foreclosure, then it would have terminated at that point, at that dismissal order. However, the appellate division overruled the dismissal and reinstated. So the foreclosure action never terminated at any time. Can I just ask you, I know you have a little time remaining, but if you can just cover this. Let's assume we disagreed with you about the prior exclusive jurisdiction point. What's your view on, and let's assume for the sake of argument, the whole thing is not moved. What, in your view, should we then do? So the other option, as I said, is the motion to dismiss, which is failure to state a cause of action. Do you think we should reach that, or do you think that would be something we simply remand for the district court to look at in the first instance? I kind of agree with counsel that there is enough before the court at this time to make a determination on the failure state of cause of action. Just that issue. It's not a determination of the merits of the case or determination factually. It's just that specific issue of failure state of cause of action. So if you ended up finding that they did state a cause of action and it should be remanded back to district court, then the full proceeding should occur at that time. Where he would have to establish different elements in order to meet his case. Saying that he's a good faith purchaser and along that lines. But in this case, he's saying specifically the cause of action is that the statute of limitation is passed on the mortgage. That's inaccurate. It's an inaccurate statement in and of itself that there's other recourse for the bank at that point. Mainly there's foreclosure action pending. To his point, they would be subject to the foreclosure action under CPLR 1018. That was determined in the foreclosure and it was briefed in the foreclosure action. Where we made a motion to substitute them into the foreclosure action. They opposed that action. The court ultimately said that we could proceed against the prior property owner. And again, there's other recourses under the RPAPL for strict foreclosure, re-foreclosure. So to their point that the statute of limitation is passed, it's not a valid claim, factually and legally. If you have any other questions, thank you. We'll hear rebuttal. And just towards the mootness point, I know we'll address this further in our written briefings. But since it's conceded that Go-Foot wasn't a party to the foreclosure action, under state law, when a person whose interest in the property is omitted from a foreclosure action, their rights are unaffected by a judgment. So we're unaffected by the state court action, and more particularly here where the property owner is omitted from a foreclosure action. The referee's deed doesn't result in the transfer of title to the foreclosure purchaser. Again, here the bank, this is a right arm, left arm situation. The bank was the plaintiff in the foreclosure action, they wind up inevitably being the purchaser at the foreclosure sale. But again, as a matter of state law, in the New York Court of Appeals case that we cite at page 30 of our brief, Barson, that where a property owner is omitted from a foreclosure sale, that sale doesn't result in the transfer of title, they just become the assignee of the mortgage, it's a sale of personal property. So as we sit here today, there is no mootness issue with respect to the disposition of the state court foreclosure action. Again, turning back to the prior exclusive jurisdiction doctrine again. We cite cases that state that quiet title are in personam. But again, I guess even on the narrow facts of this case, the chronology is key here in the sense that the state court action was dismissed at two critical times, when we acquired title and when we commenced this action. And just respectfully under De Silva, the reinstatement of the state court foreclosure action doesn't revive any jurisdiction the court had over the property as against a purchaser who purchases in that interim. That's the De Silva case cited at page 30, New York Court of Appeals. We cite subsequent cases where parties are insulated from judgments affecting title, where they purchase during that interregnum, for lack of a better word, where there is no stay. They are entitled to rely on a final order. The pendency of an appeal doesn't render an order interlocutory. With respect to the merits, again, the strict foreclosure and re-foreclosure theoretical remedies, they don't seek it. So at best, they're seeking an advisory opinion from the court about what they can potentially do in a pleading that's not before this court. So that doesn't affect the viability of our causes of action to quiet title under De Silva and to cancel and discharge the mortgage as time barred. That's just asking for an advisory opinion of what recourse they can seek in outside proceedings. So again, we would submit that we do state a cause of action under De Silva irrespective of the expiration of the statute of limitations on the mortgage, and with respect to the statute of limitations on the mortgage, because we have a 2010 acceleration, no foreclosure action as against Gupvut within that six-year period. So for those reasons, the judgment and order should be reversed. Thank you. Thank you both, and we'll take the matter under advisement.